UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SELECT PORTFOLOIO SERVICING, INC.         *        CIVIL ACTION

versus                                    *        NO. 06-10564

ALLSTATE INSURANCE COMPANY, INC.,         *        SECTION "F"
CAPITAL ONE FINANCIAL CORPORATION,
JOHN "STONY" ELLIOTT, JR. INSURANCE
AGENCY, INC., DANNY RAY BRUMFIELD, JR.,
and DEBORAH AUGUSTIN BRUMFIELD

ORDER AND REASONS

Before the Court is SPS's motion for summary judgment. For the reasons that follow, the motion is DENIED without prejudice.

Background

Aegis Mortgage Corporation loaned Danny and Deborah Brumfield $84,000. The Brumfields executed a promissory note in favor of Aegis, which was secured by a mortgage on the property at 2217 Port Street in New Orleans. Under the terms of the mortgage, the Brumfields agreed to maintain insurance on the property, naming Aegis as loss payee under the insurance policy.

The Brumfields bought a flood insurance policy from Allstate through John Stony Elliott Insurance Agency; Aegis was designated as first mortgagee, which entitled the company to the insurance policy proceeds up to the secured amount of its mortgage. By assignment, Select Portfolio Servicing (SPS) became the holder of the note executed by the Brumfields and the mortgage securing the

1

note.  (By letter dated February 5, 2003, Aegis notified Allstate through Elliott of the assignment.)  Pursuant to the notice of assignment, the mortgage clause under the policy was changed and the policy provided that "the insurer will notify the named mortgagee at least ten (10) days prior to a reduction in coverage or cancellation of the policy."

When the Brumfields executed a second mortgage in favor of Hibernia National Bank on May 10, 2005, without SPS's knowledge, the named mortgagee under the policy became Hibernia (now, Capital One).

Hurricane Katrina and the aftermath of flooding damaged the Brumfield's property.  The Brumfields submitted a proof of loss to Allstate naming SPS as a lienholder on the property.  Some time later, SPS also filed a notice of claim with Allstate after Hurricane Katrina, but it received no response.  SPS sent additional letters requesting claim status and received no response until "[a]fter several communications with Allstate and [Elliott], SPS discovered that its name was wrongly removed as the Mortgagee and replaced with Hibernia, whose mortgage was subordinate to SPS."  SPS also learned that Allstate had, on November 29, 2005, paid the Brumfields and Hibernia $94,500 in insurance proceeds.

SPS sued Allstate, Elliott,[1] Capital One, and the Brumfields.

---

[1] On April 26, 2007, the Court granted Elliott's motion to dismiss SPS's claims against it.

SPS charges that Allstate "refused and still refuses to make payment to SPS." SPS's claim against Allstate is for breach of contract -- the standard flood insurance policy. SPS asserts that Allstate, despite its actual knowledge of SPS's lien, wrongfully paid the wrong party and wrongfully refused to pay SPS under the policy.

SPS now moves for summary judgment on its claims against Allstate.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment

is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Summary judgment is inappropriate on this record. The parties' submissions are wholly inadequate -- neither side has submitted competent evidence in support of their respective positions. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted) (unauthenticated documents are improper as summary judgment evidence).

Federal Rule of Civil Procedure 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated

>      therein.  Sworn or certified copies of all
>      papers or parts thereof referred to in an
>      affidavit shall be attached thereto or served
>      therewith.

Indeed, it is well-settled that "[t]o be admissible [as summary judgment evidence], documents must be authenticated by and attached to an affidavit that meets the requirements of [Federal Rule of Civil Procedure] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."  10A Charles Alan Wright, et al., Federal Practice and Procedure § 2722, at 59-60 (2d ed. 1983) (footnotes omitted).

The plaintiff's motion is not properly supported; the exhibits attached to the moving party's memorandum are unsworn documents that are not properly authenticated and are, therefore, incompetent summary judgment evidence.  See Fed.R.Civ.P. 56(e); see also Templet v. Hydrochem, Inc., 367 F.3d 473, 481 n.5 (5th Cir. 2004) (noting that Rule 56(c) and 56(e) requires summary judgment evidence to be sworn and authenticated).

SPS has thus failed to meet its summary judgment burden. Absent the submission of competent record evidence, the Court cannot evaluate whether the record discloses disputed issues of material fact, especially on such fact-intensive issues as whether Allstate had actual notice of SPS's status as the prime mortgagee at the time it paid the Brumfields.

Accordingly, IT IS ORDERED: that plaintiff's motion for summary judgment is hereby DENIED without prejudice.[2]

New Orleans, Louisiana, December 4, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Allstate likewise fails to submit properly authenticated evidence, either in support of its opposition to SPS's motion, or in support of what it asserts is its cross motion for summary judgment. (Allstate concedes that it did not formally file a cross motion for summary judgment but informally requests, in a footnote, that the Court consider granting summary judgment in its favor against SPS). For the same reasons the Court denies without prejudice SPS's motion for summary judgment, the Court determines that this is not an "appropriate case" and, therefore, declines to consider Allstate's arguments that summary judgment be granted in its favor, even in the absence of filing a proper motion seeking such relief. See Landry v. G.B.A., 762 F.2d 462, 464 (5th Cir. 1985) (citation omitted) (noting "where one party moves for summary judgment, the district court, in an appropriate case, may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment).